[No. 27753. Department One. November 14, 1939.]

THE CITY OF TACOMA, *Respondent,* v. PIERCE COUNTY, *Appellant.*[1]

*Thor C. Tollefson* and *G. E. Peterson,* for appellant.

*Howard Carothers, Clarence M. Boyle,* and *George F. Abel,* for respondent.

SIMPSON, J.—Action was instituted in this case to determine the amount the city of Tacoma should be compelled to pay to Pierce county for certain prop-

[1]Reported in 95 P. (2d) 1029.

erty which had been acquired by the county at a tax foreclosure sale.

During the year 1938, Pierce county brought an action to foreclose liens for general taxes against numerous pieces of real property against which it held certificates of delinquency. December 3, 1938, judgment was entered foreclosing the delinquent certificates and ordering the sale of the property. The sale was made December 17, 1938, and, there being no bidders, the property was sold to Pierce county. A tax deed to the property was duly executed and recorded January 16, 1939.

Prior to the dates mentioned, the city of Tacoma had levied assessments against portions of the property for the purpose of paying local assessments thereon. March 23 and April 14, 1939, the city elected to pay the taxes against certain of the lots held by the county under its tax deed in accordance with the provisions of Rem. Rev. Stat., § 9393 [P. C. § 1028]. In each instance, the county treasurer demanded that the city pay, in addition to the taxes included in the decree of foreclosure, the amount of the taxes for the year 1938. The city paid the additional tax under protest, and brought this action to recover the amounts paid for 1938 taxes.

The foregoing facts were included in the complaint. The county admitted the facts pleaded. A motion of counsel for plaintiff for judgment on the pleadings was granted. Thereafter, the court entered judgment in favor of the city for the amount of the 1938 taxes.

The only question involved in this case is the right of the county to collect the taxes levied for 1938 which were not included in the judgment of the tax foreclosure.

Under the provisions of Rem. Rev. Stat., § 11265,

as then in force (Laws of 1925, Ex. Ses., p. 283, § 104), the lien for 1938 taxes attached to the property involved in this litigation March 1, 1938. Rem. Rev. Stat., § 11260 [P. C. § 6882-99], provides that:

"All taxes and levies which may hereafter be lawfully imposed or assessed shall be and they are hereby declared to be a lien respectively upon the real property upon which they may hereafter be imposed or assessed, which liens shall include all charges and expenses of and concerning the said taxes which, by the provisions of this act, are directed to be made. The said lien shall have priority to and shall be fully paid and satisfied before any recognizance, mortgage, judgment, debt, obligation or responsibility to or with which said real property may become charged or liable."

The provisions of Rem. Rev. Stat. (Sup.), § 11244 [ P. C. § 6882-83] (Laws of 1935, chapter 30, p. 69, § 2), determine the date upon which unpaid taxes become delinquent. Rem. Rev. Stat. (Sup.), § 11278 [P. C. § 6882-117] (Laws of 1937, chapter 17, p. 43, § 1), provides for the issuance of delinquency certificates to the county after the expiration of five years from the date of delinquency, and for the foreclosure, in the name of the county, of "the tax liens embraced in such certificates."

Under Rem. Rev. Stat., § 11290 [P. C. § 6882-129], provision is made for the manner in which the county may acquire title pursuant to foreclosure of delinquency certificates held by the county. That section reads, in part, as follows:

"For the purposes of foreclosure under this act, the date of delinquency shall be construed to mean the date when the taxes first became delinquent. At all sales of property for which certificates of delinquency are held by the county, if no other bids are received, the county shall be considered a bidder for the full area of each tract or lot to the amount of all taxes,

interest and costs due thereon, and where no bidder appears, acquire title thereto as absolutely as if purchased by an individual under the provisions of this act; all bidders except the county at sales of property for which certificates of delinquency are held by the county shall pay the full amount of taxes, interests and costs for which judgment is rendered, together with all taxes, interests and costs for all subsequent years due on said property at the date of sale."

It is stated in Rem. Rev. Stat., § 11292 [P. C. § 6882-131], that:

"All property deeded to the county under the provisions of this act shall be stricken from the tax-rolls as county property and exempt from taxation and shall not be again assessed or taxed while the property of the county."

Provision is made in Rem. Rev. Stat. (Sup.), § 11294 [ P. C. § 6882-133] (Laws of 1937, chapter 68, p. 233, § 1), for resale by the county of properties acquired by it under § 11290. This section contemplates sale to private persons.

The law relative to sale to a city of property acquired in this manner by a county is found in Rem. Rev. Stat., § 9393, the pertinent portions of which read:

"In any case where any property shall be struck off to or bid in by the county at any sale for general taxes, and such property shall subsequently be sold by the county, the proceeds of such sale shall first be applied to discharge in full the lien or liens for general taxes for which the same was sold, and the remainder, or such portion thereof as may be necessary, shall be paid to the city to discharge all local assessment liens upon such property, and the surplus, if any, shall be distributed among the proper county funds: Provided, That in any case where property subject to local improvement assessments, or taken over by a city or town on foreclosure of local improvement assessments, shall have been struck off to or bid in by any county at a sale for general taxes, the city or

town levying such assessments may, at any time before resale by the county, acquire such property from the county and receive a deed therefrom therefor upon payment of the face of such taxes with costs without penalty or interest: . . ."

The primary question to be solved is the determination of the effect which the legislature intended to ascribe to the clause in § 9393, *supra,* relative to the amount the city is required to pay to the county, viz., "upon payment of the face of such taxes with costs without penalty or interest."

Appellant directs our attention to §§ 11265, 11260, and 11290, *supra,* and urges that, as the 1938 taxes became a lien upon the property involved prior to the date upon which the foreclosure proceedings were instituted by the county, and as the lien for general taxes is given priority over any other, the taxes for 1938 must have been included as being "due" within the language of § 11290, and, therefore, a part of the "face of such taxes" to which § 9393 has reference.

We are clearly of the opinion that "the face of such taxes" relates back and refers to the general taxes for which the property was struck off to the county at the tax sale. The sale was had December 17, 1938. The tax deed was issued to appellant January 16, 1939. Taxes for 1938 could not have been included as being "due" within the language of § 11290 because, under the terms of Rem. Rev. Stat. (Sup.), § 11243 [P. C. § 6882-82] (Laws of 1935, chapter 30, p. 68, § 1), the county treasurer was not empowered to

". . . collect such taxes or issue receipts for the same or enter payment or satisfaction of such taxes upon said assessment rolls before the fifteenth day of February following."

The construction which we have placed upon the language of § 9393 permitting acquisition by the re-

spondent "upon payment of the face of such taxes" is borne out by consideration of the effect of § 11292 upon the situation under consideration. Section 11292 provides that property deeded to the county in this manner be stricken from the tax rolls, exempt from taxation, and free from further taxation while the property of the county. Application of this section to the facts of the case at bar effectively frees the respondent from liability for the payment of taxes for the year 1938.

The right of the legislature to provide for the destruction of a general tax lien was upheld by this court in the case of *North Spokane Irr. Dist. v. Spokane County,* 173 Wash. 281, 22 P. (2d) 990. The unambiguous language of § 9393 divests the appellant of the right to charge the lien for general taxes for the year 1938 against acquisition by the respondent under the terms of that statute.

The judgment is affirmed.

BLAKE, C. J., MAIN, MILLARD, and ROBINSON, JJ., concur.